# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**SCOTT LESLEY SPEARS, JR.**                                                    **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO.3:19-CV-98-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                                                    **DEFENDANT**

## MEMORANDUM OPINION

This cause is before the court on the claimant's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

The decision is not supported by substantial evidence and the ALJ committed legal error in accepting the testimony of the vocational expert (VE) concerning jobs the claimant could perform within his residual functional capacity (RFC).

**1. The Issues**

The plaintiff raised four issues on appeal, but the court addresses only the fourth ground which is dispositive. The plaintiff argues the ALJ erred in the assessment of jobs available for the plaintiff to perform within the RFC assessment. The plaintiff challenges the RFC, arguing Spears should have been limited to sedentary work and that if so limited, he would " grid out" as disabled pursuant to Rule 201.14 of the medical-vocational guidelines. 20 C.F.R. Pt. 404, Subpt. P, App. 2. This argument challenges the acceptance of the VE's testimony that there are light jobs the claimant can perform.

1

## 2. The Decision

In what may have been an inadvertent finding the ALJ decided that Spears could perform medium work, but was limited to occasional climbing, balancing, and pushing and pulling with the lower extremities. He found the plaintiff needed a cane to assist with walking and found that he was limited to simple routine work and no fast-paced production work. The ALJ determined at Step 4 that the plaintiff was unable to perform his past relevant work as a casket assembler (Semi-skilled, medium). The decision noted the claimant was an individual closely approaching advanced age as of the date of application.[1] The ALJ found based on the testimony of the vocational expert that the claimant could perform three light jobs: receptionist, cashier II, and ticket seller.

## 3. The RFC

The court first finds that the RFC of a limited range of medium work is not supported by substantial evidence. The ALJ's finding that Spears can perform work at a medium exertional level is at least puzzling, based on the medical proof in the record, and his reasoning is self-contradictory. The ALJ cites the report of the DDS physicians who found Spears had the capacity to perform some light work. The ALJ gave the report some weight because it was "somewhat consistent with the preponderance of evidence at the time" of the review. After noting additional evidence at the hearing demonstrated severe physical impairments, limitations and restrictions, the ALJ, without explanation, then determined the claimant could perform work at the medium exertional level. Furthermore, the VE testified that the need to use a cane eliminated ninety-five percent of medium jobs. The VE did not testify to a single job in that range that matched the RFC set by the ALJ. Assuming the ALJ in fact meant to assess a limited

---

[1] He has since the decision aged into the advanced age category.

light RFC, the court next considers if there was error in determining there were jobs that the claimant could perform.

### 3. Assessment of available jobs and acceptance of the VE's testimony

The plaintiff contends that he is limited to sedentary work and because he does not have any transferable job skills, considering his age and education he is disabled. The claimant argues the ALJ erred when he accepted the VE's testimony about jobs available at the light exertional level, and the court agrees.

The VE testified there were three jobs the plaintiff could perform. The first of those jobs – receptionist—is admittedly **not** a light job according to the Dictionary of Occupational Titles, but a sedentary job. Therefore, this facet of the VE's testimony supports granting not denying benefits.

The VE testified that the Spears could also work as a Cashier II, DOT 211.462-010, with about 893,800 jobs nationally or as a Ticket Seller, DOT 211.467-303, with 768,100 jobs nationally. With the use of the cane the VE indicated Spears could still work as a Cashier II, explaining this job included parking lot cashiers and cashiers in gas booths.

> ***Many of those jobs have a six out of eight to eight out of eight sitting or a sit-stand option at will.*** You also have work-station. It also represents jobs such as cashiers in gas booths, so it would still be available. The ticket seller, again, generally it's in a booth. There's not walking in the –in the position. If there's immediate balance issue, this—the hypothetical changes where they can't use the work-station for balance, then that job would be eliminated. But since it's just for walking, that would still be available.

The numbers for these two light jobs, per his testimony, would not be reduced because of the use of the cane to assist in walking.

When the ALJ asked the VE if his testimony was consistent with the DOT, he replied, "[A] light duty job doesn't mean a person has to stand or lift or walk. An example is a sewing

3

machine operator may not have to do any of those and it's still a light duty job." The VE further testified,

> Granted the full range of light duty does require standing, walking and lifting, and under SSR 00-04p the DOT lists the maximum expected requirements of occupations and not the range. Therefore, cashier II some of the occupations do have higher limits that the …like lifting, or things like that, which is why I did the erosions in consideration of the use of a cane to erode things such as extended walking or lifting, also, to test this with the receptionist position  So by knowing the definition of a light duty job I'm able to use my education, training and experience with the use of the cane and walking less than 50' and still stay within the Department of Labor's definition of a light duty job.

Otherwise, according to the VE, his testimony was consistent with the DOT. [2]

The plaintiff argues that the VE's testimony limited the plaintiff to doing the jobs while seated.  In effect the VE testified that these jobs while classified as light, could be performed as sedentary.  Even if this testimony did not conflict with the DOT descriptions, if it conflicts with SSA regulations it cannot be relied upon to deny benefits.  The Social Security Ruling 00-4p allows a VE to explain any conflict between the expert's testimony and the DOT, but it prohibits reliance on VE testimony that conflicts with SSA regulations.  SSR  00-4p provides:

> SSA adjudicators may not rely on evidence provided by a VE, VS, or other reliable source of occupational information if that evidence is based on underlying assumptions or definitions that are inconsistent with our regulatory policies or definitions. "**Although there may be a reason for classifying the exertional demands of an occupation (as generally performed) differently than the DOT (e.g., based on other reliable occupational information), the regulatory definitions of exertional levels are controlling**.

This ruling then provides an illustrative example that is the inverse of what has happened in this case.  "For example, if all available evidence (including VE testimony) establishes that the exertional demands of an occupation meet the regulatory definition of "medium" work (20 CFR

---

[2] The testimony that job numbers would be eroded to compensate for walking and the use of the cane appears to be factually erroneous.  The VE testified that the number of jobs would be eroded in all three jobs, based on the CE's proposed limits on walking, hearing, speaking and traveling, not the use of the cane.

4

404.1567 and 416.967), the adjudicator **may not rely** on VE testimony that the occupation is "light" work."  SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000).

In this case the regulatory definition of light work:

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, **a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.** To be considered capable of performing a full or wide range or light work, **you must have the ability to do substantially all of these activities**.
> 20 C.F.R. § 404.1567(b).

The Social Security Administration has explained that "light work generally requires the ability to stand and carry weight for approximately six hours of an eight-hour day." *Jesurum v. Sec. of Health & Human Servs.,* 48 F.3d 114, 119 (3d Cir.1995).  Social Security Ruling 83-10 casts further light on what constitutes light work under the Social Security Regulations.

> **A job is … in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work**; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semiskilled jobs in these particular instances**). Relatively few unskilled light jobs are performed in a seated position.**
>
> *Titles II & Xvi: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2*, SSR 83-10, 1983 WL 31251 (Jan 1, 1983)

As set forth above light work typically encompasses substantial standing and walking, or pushing and pulling hand or foot controls and or frequent lifting of ten to twenty pounds which makes it more strenuous than sedentary work.

Regardless of whether the ALJ intended to assess a medium or a light RFC, the VE's testimony described jobs that fit the sedentary classification.  The VE's testimony limited Spears to jobs, apparently because of his reliance on a cane, that only required "a certain amount of walking and standing to carry[] out job duties."  SSR 83-10 (1).  He described jobs where

5

"walking and standing are required occasionally and where the claimant could sit "approximately 6 hours of an 8-hour workday." *Id.* He did not describe jobs requiring substantial walking and standing, nor alternatively seated jobs requiring the use of hand or foot controls. Nothing in his description made the jobs more strenuous than sedentary.

Because the only jobs described by the VE fit the regulatory definition of sedentary exertion, the ALJ erred in relying on this testimony to deny benefits. Because the claimant, in the absence of transferable skills, would be entitled to benefits if limited to sedentary work, the error was prejudicial. Accordingly, this case should be remanded for further consideration.

A separate judgment will follow.

**THIS** the 18th day of March, 2020.

                                            **/s/ David A. Sanders**
                                            **U.S. MAGISTRATE JUDGE**